UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONI ANN VALENTI | * | CIVIL ACTION |
| VERSUS | * | NO. 22-611 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY | * | SECTION "S" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Toni Ann Valenti filed this suit seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") under section 405(g) of the Social Security Act ("the Act"). ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate Judge for submission of Findings and Recommendations.

Pending before me are Plaintiff's Motion for Summary Judgment and the Commissioner of Social Security's Unopposed Motion to Reverse and Remand. ECF Nos. 10, 11. For the reasons below, the undersigned recommends that Defendant's motion be granted, that the Administrative Law Judge's (ALJ) decision be reversed, that this matter be remanded for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g), that Plaintiff's motion be denied as moot, and that judgment be entered dismissing this case.

**I.      BACKGROUND**

Plaintiff Valenti seeks judicial review under § 405(g) of the Commissioner's final decision denying her claim for disability insurance benefits ("DIB") under Title II and for supplemental

1

security income benefits ("SSI") under Title XVI.[1]  Plaintiff filed an application for DIB alleging disability commencing on April 22, 2015, manifesting as degenerative disc disease, coronary artery disease, cervical spondylosis, irritable bowel syndrome, chronic obstructive pulmonary disease, restless leg syndrome, hypercoagulability with a history of cerebral vascular accidents and myocardial infarctions, and a heart defect.  *See, e.g.,* ECF No. 8-2 at 43, No. 8-5, at 2-5; No. 8-13, at 2-7.  Her application was denied on November 10, 2015.  ECF Nos. 8-3, at 2-12.  On appeal to the ALJ, ALJ Joan H. Deans held a hearing on March 20, 2017 and issued an unfavorable decision on July 12, 2017.  ECF No. 8-2, at 84-110; No. 8-2, at 8-23; No. 8-10, at 2-16.

After the Appeals Council denied plaintiff's late request for review on March 20, 2019 (ECF No. 8-2, at 2-8; No. 8-10, at 20-26), Plaintiff filed a Petition for Review which was docketed as EDLA Civil Action No. 19-10293.  On January 8, 2020, the Court granted the Commissioner's motion to reverse and remand for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  ECF No. 20 in EDLA No. 19-10293.  While her Petition for Review was pending, on May 29, 2019, Plaintiff filed an application for SSI under Title XVI.  ECF No. 8-10, at 31-41; 8-13, at 2-7.  She was found not disabled on November 5, 2019.  ECF No. 8-10, at 26-41.  Plaintiff sought reconsideration, and the same result was reached.  ECF No. 8-11, at 14-19; No. 8-10, at 45-59.  Plaintiff then filed a request for hearing.  ECF No. 8-11, at 19-20.

In light of the Court's January 8, 2020 remand, the Appeals Council remanded the matter to the ALJ for another hearing, rendering the subsequent application duplicative.  ECF No. 8-10, at 60-63.  The Appeals Council's directed the ALJ to consolidate the applications for DIB and SSI.  ECF No. 8-9, at 5.  On November 2, 2021, ALJ Michael S. Hertzig conducted a hearing.  ECF No.

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423, 1381a, 1836.

8-9, at 25-54. ALJ Hertzig then issued an unfavorable decision on November 21, 2021. ECF No. 8-9, at 2-17.

Plaintiff filed this Petition for Review on March 20, 2022. ECF No. 1. Pursuant to the Court's Scheduling Order, Valenti filed a Motion for Summary Judgment. ECF No. 10. She argues that (1) the ALJ applied improper legal standards in evaluating the treating physician's opinion and (2) the ALJ's conclusions are not supported by substantial evidence. ECF No. 10-1 at 6-11. After filing an Answer (ECF No. 7) and in lieu of responding to the Motion for Summary Judgment, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct further proceedings. ECF No. 11, at 1. In its motion, Defendant concedes that remand for further proceedings is warranted. *Id.* ¶ I, at 1. According to the Certificate of Conference on the bottom of page 3 of the motion, the motion is unopposed.

## II. APPLICABLE LAW AND ANALYSIS

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."[2] Sentence-six remands may be ordered in only two situations: (1) where the Secretary requests a remand before answering the complaint, or (2) where new, material evidence is adduced that was for good cause not presented before the agency.[3] In this case, Defendant seeks remand under sentence four, which authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," based on the pleadings and transcript of the record.[4]

---

[2] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).
[3] *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citing § 405(g) (sentence six); *Melkonyan*, 501 U.S. at 99–100, & n.2; *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).
[4] 42 U.S.C. § 405(g).

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary.[5] A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.[6] Thus, a request to remand for further administrative proceedings, like the remand requested in the Commissioner's motion, is a fourth sentence remand under section 405(g) and requires that the court enter a decision,[7] which in this case is a requested reversal.

The Commissioner's motion apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold the decision when she asks that the court reverse that decision so that further proceedings may be conducted. ECF No. 11, at 1. Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

## III.  RECOMMENDATION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Unopposed Motion to Reverse and Remand (ECF No. 11) be GRANTED, and judgment be entered REVERSING the Commissioner's decision and REMANDING the case for further administrative proceedings.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment (ECF No. 10) be DENIED AS MOOT.

---

[5] *See* 42 U.S.C. § 405(g); *Shalala*, 509 U.S. at 297 (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Finkelstein*, 496 U.S. at 625-26.
[6] *Melkonyan*, 501 U.S. at 98.
[7] *See Finkelstein*, 496 U.S. at 625-26 (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from *de novo* review by the district judge and from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

New Orleans, Louisiana this 9th day of September, 2022.

                                          DONNA PHILLIPS CURRAULT
                                     UNITED STATES MAGISTRATE JUDGE

---

[8] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 1(a), 6(b) and 72(b); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).