UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TONI ANN VALENTI | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-611 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY | * | SECTION "S" (2) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Toni Ann Valenti's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 15.  Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, filed a Response indicating no objection to the motion, but noting that an award of EAJA fees must be paid directly to the Plaintiff.  ECF No. 16.

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate Judge for submission of findings and recommendations.  For the following reasons, the undersigned RECOMMENDS that the motion be GRANTED and that Plaintiff Toni Ann Valenti be awarded attorneys' fees in the amount of $4,880, representing 24.4 hours of expended time at $200 per hour.

## I.  BACKGROUND

Plaintiff Valenti sought judicial review of the Commissioner's final decision denying her claim for disability insurance benefits ("DIB") under Title II and for supplemental security income benefits ("SSI") under Title XVI under 42 U.S.C. § 405(g).[1]  ECF No. 1.  In accordance with the governing Scheduling Order, Plaintiff filed a Motion for Summary Judgment.  ECF No. 10.  In

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423, 1381a, 1836.

lieu of responding to the summary judgment motion, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct further proceedings.  ECF No. 11, at 1.  On September 9, 2022, the undersigned recommended that the Unopposed Motion to Reverse and Remand be granted, that the Commissioner's decision be reversed, that the case be remanded for further administrative proceedings, and that Plaintiff's Motion for Summary Judgment be denied as moot.  ECF No. 12.  The Honorable Mary Ann Vial Lemmon adopted that recommendation and entered judgment reversing the Commissioner's decision and remanding the case for further proceedings.  ECF Nos. 13, 14.

Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, followed.  ECF No. 15.  Plaintiff seeks recovery of $4,880 for 24.4 hours of work in this matter at the rate of $200 per hour (adjusted from the statutory $125 amount based upon the Consumer Price Index), pursuant to 28 U.S.C. § 2412(d).  *Id.* ¶¶ 4-6.

## II.   APPLICABLE LAW AND ANALYSIS

The EAJA specifies that the Court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[2]  The EAJA further provides that awards are payable directly to Plaintiff as prevailing party, not counsel.[3]

---

[2] 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citing *Comm'r v. Jean*, 496 U.S. 154, 158 (1990)) (The Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust.); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same).
[3] *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (citing *Astrue v. Ratliff*, 560 U.S. 586, 591-98 (2010)) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States.").

In light of the September 29, 2022 Order remanding the case to the Commissioner for further administrative proceedings (ECF No. 14), Plaintiff is the prevailing party in this action. Furthermore, the Commissioner does not argue that its position was substantially justified or that special circumstances make an award of attorney's fees unjust. *See generally* ECF No. 16. The Court, therefore, finds that Plaintiff is entitled to attorney's fees under § 2412(d).

Having found Plaintiff entitled to attorneys' fees, the Court must now address the reasonableness of the rate charged and time expended on the matter.

### A. Rate Charged

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an increase from the statutory $125 per hour rate to an hourly rate of $200 based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics. ECF No. 15-1, at 2. The Commissioner does not dispute the requested rate. ECF No. 16, at 1.

Several judges within the Eastern District of Louisiana have recognized that a cost-of-living increase from the statutory $125 per hour rate is appropriate. *See, e.g.*, *Green v. Social Security Administration*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022) (finding $200 per hour reasonable for cost of living adjustment), *R.&R. adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (finding $194 per hour reasonable for cost of living increase); *Wigginton v. Social Security Administration*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (finding $205.84 per hour reasonable for work performed from 2019-2021); *Boasso v. Saul*, No. 18-05623, 2019

WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (finding $194 per hour reasonable for work performed in 2018).

The *Wigginton* court noted that the Consumer Price Index for the South Urban B area ("CPI-B") was $207.86 per hour for work performed in 2021. *Wigginton*, 2021 WL 3852293, at *2 n.28. The work in this case was performed in 2022. ECF No. 15-3, at 1-2. For these reasons, and given the absence of opposition by the Commissioner, the Court concludes that an hourly rate of $200.00 is reasonable.

### B. Time Expended

Plaintiff's counsel expended 24.4 hours on this litigation. The fee applicant bears the burden of proving the hours requested are reasonable.[4]

Only work of a legal nature is compensable.[5] Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[6] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[7] When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[8] Further, fee applicants must exercise "billing judgment," meaning

---

[4] *Saucier*, 2022 WL 2132281, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987)).

[5] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

[6] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliott Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).

[7] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (reducing hours billed for time attorney sent faxing documents) (citations omitted), *aff'd*, 281 F.3d 1280 (5th Cir. 2001).

[8] *Kuperman*, 2009 WL 10737138, at *9 (citations omitted).

they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]"[9]

Plaintiff's itemized statement indicates that she seeks recovery for work of a legal nature performed by her attorney, which work appears neither excessive, redundant nor unnecessary. ECF No. 15-3.  The Court also notes Plaintiff's assertion that, in taking the time to write such a thorough and detailed opening brief, the SSA voluntarily sought remand rather than oppose the filing, saving both the SSA and this Court a great deal of time.  *Id*. at 2.

Courts have determined that in excess of thirty hours of time expended on a social security matter is reasonable.  *See, e.g., Green*, 2022 WL 3643025, at *2 (finding 31.2 hours reasonable); *Saucier*, 2022 WL 2132281, at *2 (finding 35 hours reasonable); *Wigginton*, 2021 WL 3852293, at *3 (finding 33 hours reasonable); *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. 18-6674, 2019 WL 3948011, at *2 (E.D. La. July 30, 2019) (finding 39.8 hours reasonable), *R.&R. adopted*, 2019 WL 3946139 (E.D. La. Aug. 21, 2019).  Therefore, upon review of the itemized statement of time included in the motion and considering the absence of opposition by the Commissioner, the Court finds that 24.4 hours of charged time is reasonable.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to attorneys' fees. The Court further finds that the hourly rate of $200.00 and the 24.4 hours of time expended, are reasonable. The Court therefore finds that an award of $4,880, made payable to Toni Ann Valenti, is appropriate.

---

[9] *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley*, 461 U.S. at 434, 437).

## IV. RECOMMENDATION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion for attorneys' fees (ECF No. 15) be GRANTED.

**IT IS FURTHER RECOMMENDED** that Plaintiff Toni Ann Valenti be awarded fees in the amount of $4,880, representing 24.4 hours of work at a rate of $200 per hours.

**IT IS FURTHER RECOMMENDED** that the attorneys' fees award be made payable to plaintiff, rather than to her attorney.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from *de novo* review by the district judge and from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

New Orleans, Louisiana, this 2nd day of November, 2022.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 1(a), 6(b) and 72(b); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).